UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



FILED by _____ D.C.

MAR 3 0 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

GARBO, INC., a Florida Corporation,
and GARY MICELI,

    Plaintiffs,
v.

CITY OF KEY WEST, of the State of
Florida,

    Defendant.
_____/

CASE NO. 05-10006-CIV-KING

**CLOSED CIVIL CASE**

## FINAL ORDER OF DISMISSAL

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiffs' Complaint, (DE #6), filed February 28, 2005.[1]

Plaintiffs' Complaint alleges that the City of Key West's Police Department, (hereinafter "Department"), violated Plaintiffs' Constitutional and common law rights to operate their business by parking their police cruisers on the sidewalk in front of Plaintiffs' business. Plaintiffs' claim that the alleged interferences by the Department resulted in the loss of their leasehold and livelihood, constituting a taking of Plaintiffs' property without just compensation.

In the instant motion, Defendant contends that Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted. Defendant contends that because Plaintiffs' claims are for damages they are barred by the doctrine of sovereign immunity. In addition, Defendant contends that Plaintiffs allegations regarding the Department's use of public

---

[1] On March 15, 2005, the Court heard oral argument from both parties on the instant motion. On March 25, 2005, Plaintiffs' filed their Response to the instant motion.

streets and sidewalks does not deprive the Plaintiffs of due process.

In response, Plaintiffs argue that the allegations in their Complaint are sufficient to establish the wrongful conduct of the Department as well as its negative impact upon Plaintiffs' business. Plaintiffs claim that the Department's wrongful actions constituted a deprivation of Plaintiffs fundamental property rights, and that these actions are not protected under the doctrine of sovereign immunity because they do not constitute discretionary functions.

A motion to dismiss will be granted where it is clear that no set of facts consistent with the allegations could provide a basis for relief. According to Florida law, "a governmental agency is immune from tort liability based upon actions that involve its 'discretionary' functions." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir. 2001). A discretionary function under Florida law is one which "the government act in question involved an exercise of executive or legislative power such that, for the court to intervene by way of tort law, it inappropriately would entangle itself in fundamental questions of policy and planning." Cook v. Sheriff of Monroe County, 2005 US Appeals Lexis 4014 (quoting Henderson v. Bowden, 737 So.2d 532, 538 (Fla. 1999)). The Department's policy of parking on the sidewalks and streets near Plaintiffs' place of business involves the exercise of discretion in order to carry out their law enforcement functions. As the alleged wrongful conduct is a result of the Department's discretionary function, the Court finds that the Plaintiffs have not been deprived of any federally protected right without due process, based on the fact that there is no fundamental right to keep the police from parking wherever needed to carry out their law enforcement functions. See Boatman v. Town of Oakland, 76 F.3d 341 (11th Cir. 1996). (finding that there was no federal issue where a property owner claimed a violation of a substantive right to correct a decision from

a city building official that caused the property owner economic and property loss).

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is ORDERED and ADJUDGED that Defendant's Motion to Dismiss Plaintiff's Complaint, (DE #6), be, and the same are hereby, GRANTED. This case is hereby CLOSED

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 30th day of March, 2005.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc.   **<u>Counsel for Plaintiffs</u>**
Steven F. Jackson, Esq.
2 Bay Club Drive
Suite 17N
Bayside, New York 11360
Facsimile: 718-595-3520

**<u>Counsel for Defendant</u>**
Michael T. Burke, Esq.
Johnson, Anselmo, Murdoch, Burke, Piper, & McDuff, P.A.
2455 East Sunrise Boulevard
Suite 1000
Fort Lauderdale, Florida 33304
Facsimile: 954-463-2444